UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA 57501-2463

IRVIN N. HOYT

BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560
FAX (605) 224-9020

September 12, 2005

Ms. Tammy Ernster
908 Bill Baggs Road, Lot # 6
Yankton, South Dakota   57078

Marcia R. Brevik, Esq.
P.O. Box 690
Yankton, South Dakota   57078

     Subject: *In re Brian J. Cihak and Amanda J. Cihak*
              Chapter 7; Bankr. No. 05-40585

Dear Ms. Ernster and Ms. Brevik:

    The matter before the Court is the Motion for Order Directing Clerk of Court to Discharge Judgments Voided in Bankruptcy filed by Debtors on August 23, 2005. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and subsequent order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014. As set forth below, Debtors' motion will be granted.[1]

    **Summary.** On September 21, 2004, Tammy Ernster ("Ernster") obtained a judgment against Brian Cihak ("Debtor") in state court for $8,552.94. On April 28, 2005, Brian J. Cihak and Amanda J. Cihak (collectively, "Debtors") filed for relief under chapter 7 of the bankruptcy code. Debtors listed Ernster as an unsecured creditor on their Schedule F.

    On April 30, 2005, the Bankruptcy Clerk served notice of commencement of the case on Debtors' creditors, including Ernster. The notice of commencement of case clearly stated that the deadline for filing a complaint objecting to discharge or to determine the dischargeability of a particular debt was August 2, 2005.

    Neither Ernster nor any of Debtors' other creditors filed a complaint objecting to discharge or to determine the dischargeability of a particular debt. On August 3, 2005, Debtors

---

    [1] The relevant facts are not in dispute. The issue presented is purely a question of law. Thus, no hearing was held.

Re: *Brian J. Cihak and Amanda J. Cihak*
September 12, 2005
Page 2

were therefore granted a discharge under § 727 of the bankruptcy code.

On August 23, 2005, Debtors filed a Motion for Order Directing Clerk of Court to Discharge Judgments Voided in Bankruptcy. Ernster's judgment was listed in Debtors' motion. On August 30, 2005, Ernster filed an objection to Debtors' motion, in which she described the circumstances giving rise to her claim against Debtor.[2]

**Discussion**.   Section 524(a)(1) of the Bankruptcy Code provides:

(a) A discharge in a case under this title -

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived[.]

Section 524(a)(1) does not require the debtor to do anything to void a judgment. The discharge *automatically* voids any judgment that represents a determination of the debtor's personal liability for a debt that has been discharged.

Section 15-16-20 of the South Dakota code establishes the procedure for removing such a judgment from the records of the clerk of court for the county in which it was docketed. When a debtor receives a bankruptcy discharge, she may file a motion in the bankruptcy court for an order listing each state court judgment that has been voided. Upon receipt of the bankruptcy court's order, the clerk of court for the county in which the judgment was docketed must enter it in the judgment docket. This has the effect of discharging the listed judgments from and after that date.

---

[2] In her objection, Ernster also made certain allegations regarding the ownership of a "1980 Snowco boat trailer," "a few aspects of this case in which [Debtor] has lied about," and a lien "on a couple pieces of [Debtor's] property," none of which has any bearing on the issue before the Court, but all of which she should discuss with the chapter 7 trustee.

Re: *Brian J. Cihak and Amanda J. Cihak*
September 12, 2005
Page 3

In this case, Ernster received timely notice of Debtors' bankruptcy. She did not object to Debtors' discharge or to the dischargeability of her claim. Her claim was therefore discharged on August 3, 2005. Her judgment was voided on that same date. Debtors are therefore entitled to the relief requested in their motion.

The Court will enter an appropriate order.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh

cc: case file (docket original; copies to parties in interest)

I hereby certify that a copy of this document was electronically transmitted, mailed, hand delivered or faxed this date to the parties on the attached service list.

SEP 1 2 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By_____

Marcia R. Brevik
PO Box 690
Yankton, SD 57078

Amanda J Cihak
Brian J Cihak
PO Box 414
Springfield, SD 57062-0414

Tammy Ernster
908 Bill Baggs Rd., Lot #6
Yankton, SD 57078

Bruce J. Gering
Office of the U.S. Trustee
230 S Phillips Ave, Suite 502
Sioux Falls, SD 57104-6321

Lee Ann Pierce
Trustee
PO Box 524
Brookings, SD 57006